**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SURGICAL CAPITAL
MANAGEMENT SPV III, LLC, et al.,

Plaintiffs,

v. Case No. 8:25-cv-3163-TPB-NHA

ONE STEP DIAGNOSTIC II, L.P., et al.,

Defendants.
_______________________________________/

**ORDER GRANTING "PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTERPRETATION OF CONTRACT"**

This matter is before the Court on "Plaintiffs' Motion for Partial Summary Judgment on Interpretation of Contract," filed on June 26, 2026. (Doc. 59). Defendants filed a response in opposition on July 25, 2026. (Doc. 64). Plaintiffs filed a reply. (Doc. 66). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

**Background**

This case arises from a series of agreements for the purchase and assignment of medical accounts receivable. Defendants are medical providers that treated patients involved in personal injury claims or lawsuits under letters of protection or doctors' liens. Plaintiff Surgical Capital Management SPV III, LLC ("Surgical Capital") manages medical receivables for healthcare practices, while Plaintiffs

Surgical Capital Solutions, Inc. ("SCS") and Ligare Capital Funding, LLC ("Ligare") act as servicing agents in connection with those receivables.

On April 28, 2021, each Defendant entered into a separate master agreement (collectively, the "agreements") with Surgical Capital to assign medical receivables. Under the agreements, Defendants assigned certain patients' outstanding medical charges and their associated rights and interests to Surgical Capital in exchange for payment equal to 17.5% of the billed amount of each receivable. Surgical Capital alleges that it advanced a total of $316,618.76 to Defendants for the assigned receivables. The agreements prohibited Defendants from negotiating payment of receivables after their assignment to Surgical Capital and provided for specified payments to Surgical Capital in the event of an unauthorized settlement or other breach.

According to Plaintiffs, Defendants nevertheless negotiated and accepted settlements of receivables that had previously been assigned to Surgical Capital. Plaintiffs allege that, as of December 31, 2025, Defendants had entered unauthorized settlements totaling $377,133.30 and, pursuant to Section 14 of the Agreements, owe Surgical Capital an additional $256,104.22. Defendants admit that they have not paid the amounts demanded by Surgical Capital but dispute that those amounts are owed and challenge, among other things, the enforceability of Sections 14 and 18 of the agreements.

Plaintiffs initiated this action in state court, and Defendant One Step Diagnostic, Inc., removed the case to this Court on November 17, 2025. Plaintiffs subsequently filed the operative first amended complaint, asserting eight claims for

breach of contract, one against each Defendant: Count I against One Step Diagnostic, Inc.; Count II against One Step Diagnostic II, Inc.; Count III against One Step Diagnostic III, L.P.; Count IV against One Step Diagnostic IV, L.P.; Count V against One Step Diagnostic VII, L.P.; Count VI against One Step Diagnostic VIII, L.P.; Count VII against One Step Diagnostic IX, L.P.; and Count VIII against One Step Diagnostic XI, L.P. Plaintiffs have now moved for summary judgment on the discrete issue of whether the liquidated damages provisions in the agreements are enforceable under Florida law.

## **<u>Legal Standard</u>**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable

inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Under Florida law, the construction and interpretation of an unambiguous written contract is a matter of law for the court and is therefore properly subject to disposition by summary judgment. *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290, 1297 (11th Cir. 2011) (holding that summary judgment was properly entered based on interpretation of an unambiguous written contract); *Ciklin Lubitz Martens & O'Connell v. Casey*, 199 So. 3d 309, 310 (Fla. 4th DCA 2016) (interpretation of unambiguous contract presents a question of law for the court); *Gulliver Schools, Inc. v. Snay,* 137 So. 3d 1045, 1046 n.1 (Fla. 3d DCA 2014) (same).

**Analysis**

Plaintiffs seek a limited determination that the liquidated damages provisions contained in Sections 14 and 18 of the parties' master agreements to assign medical receivables are enforceable under Florida law. The motion does not ask the Court to determine whether any particular medical account receivable was validly assigned, whether Defendants breached the agreements as to any particular receivable, or the amount of damages, if any, to which Plaintiffs are ultimately entitled. The Court therefore addresses only the enforceability of the challenged provisions as a matter of contract interpretation.

Section 14 of the agreements prohibits Defendants from negotiating payment of receivables assigned to Surgical Capital. If a Defendant nevertheless negotiates an assigned receivable for less than 200% of the purchase price paid by Surgical Capital, Section 14 requires the Defendant to remit the amount necessary to bring

Surgical Capital's recovery to 200% of the purchase price. Section 18 more generally provides that, upon a breach of the agreement, Surgical Capital is entitled to payment of its expected return of 200% of the purchase price paid for the medical account receivable.

"It is well settled that in Florida the parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach." *Lefemine v. Baron*, 573 So. 2d 326, 328 (Fla. 1991) (citing *Poinsettia Dairy Prods. v. Wessel Co.*, 166 So. 306 (1936)). Under Florida law, a liquidated damages provision is enforceable when (1) the damages resulting from a breach were not readily ascertainable at the time the parties entered the contract and (2) the stipulated amount is not so grossly disproportionate to the damages reasonably expected to result from a breach as to demonstrate that the provision was intended merely to induce performance. *Id.*; *Circuitronix, LLC v. Kinwong Electronic (Hong Kong) Co.*, 993 F.3d 1299, 1306 (11th Cir. 2021).

Both requirements are satisfied here. First, damages resulting from a breach of the agreements were not readily ascertainable at the time of contracting. In particular, the value ultimately recovered on an assigned medical receivable could depend on numerous variables that could not be known when the agreements were executed, including the collectability of the receivable, the course and outcome of the underlying personal injury matter, available insurance coverage, and the amount and timing of any settlement or recovery. Nor could the parties know at the time of contracting which receivables, if any, would later be affected by a breach. The fact that Plaintiffs evaluated receivables before purchasing them does

not establish that the damages resulting from a future breach were readily ascertainable when the parties entered the agreements. Estimating the value of a receivable for purposes of deciding whether to purchase it is not the same as knowing the loss that would result from a future breach of the agreements.

Second, the stipulated damages are not grossly disproportionate to the damages reasonably anticipated from a breach. Section 14 does not impose a fixed sum without regard to the nature or magnitude of the breach. Instead, when a Defendant improperly negotiates an assigned receivable for less than 200% of its purchase price, Section 14 requires payment only of the amount necessary to bring Surgical Capital's recovery to 200% of the purchase price of that particular receivable. Section 18 likewise identifies 200% of the purchase price as Surgical Capital's expected return in the event of a breach. Thus, the 200% figure used in the challenged provisions is not an arbitrary amount untethered to the parties' transaction; the agreements expressly identify that amount as Surgical Capital's expected return on the purchased receivables. And in the case of an unauthorized settlement, Section 14 further ties the amount owed to the particular receivable and reduces the amount owed by the amount already recovered. This structure distinguishes the challenged provisions from clauses imposing the same substantial sum regardless of the magnitude of the breach. *See Circuitronix*, 993 F.3d at 1306; *Goldblatt v. C.P. Motion, Inc.*, 77 So. 3d 798, 801 (Fla. 3d DCA 2011).

Defendants' usury argument does not alter this conclusion. The agreements provide for the purchase and assignment of medical receivables, not a loan that Defendants must repay. Defendants are required to make the challenged payment

only if they later breach the agreements by improperly negotiating an assigned receivable. And that payment is a remedy for the breach, not interest charged for the use of borrowed money. Accordingly, the liquidated damages provision does not constitute usurious interest.

Accordingly, "Plaintiffs' Motion for Partial Summary Judgment on Interpretation of Contract" is granted to the limited extent that the Court determines that the challenged liquidated damages provisions are enforceable under Florida law. Nothing in this Order determines whether any particular medical account receivable was validly purchased or assigned, whether any Defendant breached an agreement with respect to any particular receivable, whether the liquidated damages provisions apply to any particular transaction, or the amount of damages, if any, recoverable by Plaintiffs. Those issues are beyond the scope of the motion and remain for further proceedings.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) "Plaintiffs' Motion for Partial Summary Judgment on Interpretation of Contract" (Doc. 59) is **GRANTED**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of September, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE